**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| CONTINENTAL DISC CORPORATION, | ) |
| Plaintiff, | ) Case No. 4:19-cv-00245-HFS ) |
| v. | ) ) |
| PHILIPS MEDICAL SYSTEMS MR, INC., | ) ) |
| Defendant. | ) ) |

**SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, TO
TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  INTRODUCTION ........................................................................................................ 1

II. THIS ACTION IS PROPERLY DISMISSED AS AN ATTEMPT AT
    PROCEDURAL MANEUVERING TO DEPRIVE PHILIPS, THE NATURAL
    PLAINTIFF, OF ITS FORUM IN THE SOUTHERN DISTRICT OF NEW YORK .. 3

    1. This action presents an exception to the first-to-file rule. ............................... 4

    2. CDC fails to state a claim for declaratory judgment under Missouri law, as it
       has an adequate remedy at law by asserting its affirmative defense in the
       pending Southern District of New York action. .............................................. 6

III. ALTERNATIVELY, THIS MATTER SHOULD BE TRANSFERRED TO THE U.S.
     DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK ............. 8

   A. LEGAL STANDARD ...................................................................................... 8

   B. THIS ACTION COULD HAVE BEEN BROUGHT IN THE SOUTHERN
      DISTRICT OF NEW YORK ............................................................................ 8

   C. AS THE "NATURAL PLAINTIFF," PHILIPS' CHOICE OF FORUM WEIGHS
      HEAVILY IN FAVOR OF TRANSFER .......................................................... 9

   D. TRANSFER WOULD SERVE THE CONVENIENCE OF THE PARTIES AND
      THE COURT ................................................................................................. 10

      1. Transfer would be in the interest of justice. .................................................. 11

      2. Convenience considerations warrant transfer. ............................................... 12

      3. New York law controls the substance of the parties' dispute ........................ 12

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Am. Family Mut. Ins. Co. v. Nigl*, 123 S.W.3d 297 (Mo. App. E.D. 2003) ........................ 7

*BASF Corp. v. Symington*, 50 F.3d 555 (8th Cir. 1995) .............................. 3, 4, 9, 11, 12

*Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Employees Retirement Sys.*, 915 F. Supp. 131 (W.D. Mo. 1996) ............................................................. 5

*Carney v. Guerbet, LLC*, No. 4:18-CV-1494 CAS, 2018 U.S. Dist. LEXIS 209415 (E.D. Mo. Dec. 12, 2018) ........................................................................ 11, 13

*Crown Diversified Holdings, LLC v. St. Louis Cnty.*, 452 S.W.3d 226 (Mo. App. E.D. 2014) ............................................................................................. 7

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ................................................................. 9

*Eveready Battery Co. v. L.P.I. Consumer Prods.*, 464 F. Supp. 2d 887 (E.D. Mo. 2006) ............................................................................................. 5, 6

*In re Apple, Inc.*, 602 F.3d 909 (8th Cir. 2010) ........................................ 8, 9, 10, 12, 13

*Kinder v. Holden*, 92 S.W.3d 793 (Mo. App. W.D. 2002) ................................................. 7

*Koch Engg'g Co. v. Monsanto Co.*, 621 F. Supp. 1204 (E.D. Mo. 1985) ........................ 3

*LDM Grp., LLC v. Catalina Mktg. Corp.*, No. 4:08CV01425 ERW, 2009 U.S. Dist. LEXIS 53398 (E.D. Mo. June 24, 2009) ................................................................ 5

*Midwest Mechanical Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526 (W.D. Mo. 1987) ................................................................................... 8

*Midwestern Indem. Co. v. H&L Assocs. of Kan. City, LLC*, No. 12-01315-CV-W-BP, 2013 U.S. Dist. LEXIS 195078 (W.D. Mo. Jan. 22, 2013) .............................. 5, 6, 7, 8

*Mitchell v. Mims*, No. 4:18-cv-00515-DGK, 2018 U.S. Dist. LEXIS 210991 (W.D. Mo. Dec. 14, 2018) ................................................................................... 8

*Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002 (8th Cir. 1993) ...... 3, 4

*Payne v. Cunningham*, 549 S.W.3d 43 (Mo. App. E.D. 2018) ........................................ 7

*Schwendiman Partners, LLC v. Hurt*, 71 F. Supp. 2d 983 (D. Neb. 1999) ...................... 4

*State ex rel. Small v. Harrah's North Kansas City Corp.*, 24 S.W.3d 60 (Mo. App. W.D. 2000) .................................................................................................................... 7

*State ex rel. U.S. Fire Ins. Co. v. Terte*, 176 S.W.2d 25 (Mo. 1943) ................................ 3

**Statutes**

28 U.S.C. § 1391 ............................................................................................................ 9

28 U.S.C. § 1404 ............................................................................................................ 8

Mo. Rev. Stat. § 400.2-207 .......................................................................................... 14

Mo. Rev. Stat. §§ 527.010 *et seq.* ................................................................................ 6

Defendant Philips Medical Systems MR, Inc. ("Philips"), by and through the undersigned counsel, moves the Court for its Order dismissing this action or, alternatively, transferring venue to the United States District Court for the Southern District of New York for consolidation with Philips' pending action arising out of CDC's failure to supply rupture discs conforming to the strict specifications set-forth in the contract. *See* Complaint filed by Philips, attached hereto as Exhibit 1, now pending in the U.S. District Court for the Southern District of New York, Case No. 1:19-cv-01498.

**I.     INTRODUCTION**

This dispute arises out of Philips' contract to purchase one thousand stainless steel rupture discs[1/] from Continental Disc Corporation ("CDC"). Those discs were manufactured by CDC and used by Philips as a safety-related component in the superconducting magnets manufactured by Philips, which were used in MRI machines (or "MRI systems") that were in turn sold to clinical customers globally. In November 2017, Philips learned that a CDC-manufactured and supplied rupture disc had failed to rupture in the field, posing a safety risk due to a large volume of helium gas entering the MRI examination room. When helium gas enters the examination room there is a potential for harm to human life due to oxygen displacement and potential asphyxiation/suffocation.

Philips immediately began an investigation and post-market risk assessment according to quality control procedures. Subsequent testing by both Philips and CDC confirmed that ***more than half*** of the rupture discs tested did not comply with the strict specifications required by Philips in the contract. Therefore, in the interest of safety,

---

[1/]     Rupture discs may also be called burst discs.

Philips had no reasonable choice but to issue an international recall resulting in initial estimated direct cost to Philips of more than $6 million, although the recall remains ongoing.

The parties engaged in settlement discussions and a formal mediation in an unsuccessful attempt to resolve their dispute. To allow the parties to explore resolution, they entered into an agreement tolling the statute of limitations on Philips' claims, which agreement expired on February 17, 2019. On **Sunday**, February 17, CDC raced to the courthouse to file this declaratory judgment action before Philips filed its action for damages in the U.S. District Court for the Southern District of New York on Monday, February 18, 2019. Philips served its Complaint on CDC the following day, Tuesday February 19, 2019. CDC did not serve Philips until February 27, 2019.

CDC seeks a declaration that the terms and conditions included in its Order Acknowledgement or its quotations control the parties' dispute, and argues that these terms would bar Philips' claims. That is, CDC files this action regarding its affirmative defense to Philips' claims for monetary damages and other relief. Philips has filed an action in the Southern District of New York against CDC in which it seeks to recover damages from CDC arising out of CDC's breach of contract, breach of warranties, negligence, and related claims. *See* Complaint filed by Philips, Ex. 1, now pending in the U.S. District Court for the Southern District of New York, Case No. 1:19-cv-01498.

The Eighth Circuit disapproves of attempts to engage in procedural jockeying by a natural defendant in filing a declaratory judgment action on an affirmative defense to usurp the injured party's choice of forum to prosecute its action for damages. Philips is the natural plaintiff in this dispute, and has filed its action against CDC in the Southern

2

District of New York. CDC has improperly used a declaratory judgment action to attempt to wrest control of the forum for the dispute from Philips in a race to the courthouse, and it would be contrary to public policy to reward CDC for such behavior. This declaratory judgment action should be dismissed or, alternatively, transferred to the Southern District of New York for consolidation with Philips' pending action arising out of CDC's failure to supply rupture discs conforming to the strict specifications set-forth in the contract.

**II.  THIS ACTION IS PROPERLY DISMISSED AS AN ATTEMPT AT PROCEDURAL MANEUVERING TO DEPRIVE PHILIPS, THE NATURAL PLAINTIFF, OF ITS FORUM IN THE SOUTHERN DISTRICT OF NEW YORK**

"Declaratory judgment actions may on occasion merit 'a closer look' to ensure that the declaratory plaintiff is not motivated by forum-shopping concerns." *BASF Corp. v. Symington*, 50 F.3d 555, 558 (8th Cir. 1995) (citing *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993)). "[A] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed." *Id.* (quoting *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 431 (7th Cir. 1993)); *see also Koch Engg'g Co. v. Monsanto Co.*, 621 F. Supp. 1204, 1207-08 (E.D. Mo. 1985) (dismissing declaratory judgment action brought by plaintiff two weeks before defendants brought suit in different forum because plaintiff's suit was "a race to the courthouse" and "procedural fencing" that "denie[d] the injured party his right to choose the forum in which to seek redress"). With respect to claims for declaratory relief under Missouri state law, the Missouri state courts agree in disapproving of this kind of procedural fencing. *See State ex rel. U.S. Fire Ins. Co. v. Terte*, 176 S.W.2d 25, 31 (Mo. 1943) ("[T]he wholesome and ameliorative remedy by declaratory judgment will be prostituted to uses for which it never was intended" if "our practice is to degenerate into a contest of speed, a race to the court house to get one or the other case filed first . . . .").

3

"[T]he natural plaintiff's choice of forum and law will be disturbed only in exceptional circumstances." *Symington*, 50 F.3d at 559. Where the natural plaintiff has chosen to file suit in another forum, the filing of a declaratory judgment action by the natural defendant is a "misuse" of the declaratory judgment procedure that warrants dismissal. *Id.* It is unjust for the natural defendant to file an affirmative defense-based declaratory action to deprive an injured party of its right to choose its forum. *Id.* Forum shopping is an exceptional circumstances factor that weighs in favor of the Court's abstention from hearing a declaratory judgment action. *Id.*

### 1. This action presents an exception to the first-to-file rule.

Ordinarily, when parallel litigation has been instituted in separate federal courts, resulting in concurrent jurisdiction over a dispute, "the first court in which jurisdiction attaches has priority to consider the case." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (citation omitted). This "first to file" rule, however, "yields to the interests of justice, and will not be applied where a court finds 'compelling circumstances' supporting its abrogation." *Id.* at 1006.

> "Red flags" that the Eighth Circuit Court of Appeals has found to be indicative of such "compelling circumstances" include: (1) the first-filed suit was filed after the other party gave notice of its intention to sue; and (2) the first-filed suit is for declaratory judgment, rather than for damages or equitable relief, therefore suggesting a "race to the courthouse" in an attempt to preempt the natural plaintiff from his or her choice of forum.

*Schwendiman Partners, LLC v. Hurt*, 71 F. Supp. 2d 983, 987-88 (D. Neb. 1999) (citing *Northwest Airlines*, 989 F.2d at 1007); *accord*, *Eveready Battery Co. v. L.P.I. Consumer*

4

*Prods.*, 464 F. Supp. 2d 887, 890 (E.D. Mo. 2006); *Midwestern Indem. Co. v. H&L Assocs. of Kan. City, LLC*, No. 12-01315-CV-W-BP, 2013 U.S. Dist. LEXIS 195078, at *5 (W.D. Mo. Jan. 22, 2013). "[D]istrict courts enjoy wide discretion in applying the first-filed rule." *LDM Grp., LLC v. Catalina Mktg. Corp.*, No. 4:08CV01425 ERW, 2009 U.S. Dist. LEXIS 53398, at *5 (E.D. Mo. June 24, 2009).

"As a matter of public policy, potential plaintiffs should be encouraged to settle their claims out of court without fear that they will lose the opportunity to pick their forum should the negotiations fail." *Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Employees Retirement Sys.*, 915 F. Supp. 131, 144 (W.D. Mo. 1996). This Court should encourage good faith settlement negotiations, and "application of the first-filed rule should not penalize parties for their efforts to settle matters out of court." *Id.* Indeed, the very fact that "Plaintiff[] did not serve its Complaint until after Defendant filed its action" is "indicative of a rush to the court house and, thus, compelling circumstances warranting non-application of the first filed rule." *Eveready Battery*, 464 F. Supp. 2d at 891 (internal quotation marks omitted). Here, CDC did not serve Philips until February 27, nine days after Philips had filed its own action on the first business day after the expiration of the parties' tolling agreement, and eight days after Philips served its complaint on CDC.

Retaining jurisdiction of this declaratory judgment action, which was filed by CDC on a Sunday in a rush to the courthouse after the parties failed to resolve their dispute, would unjustly penalize Philips for attempting to resolve this matter before filing its action for damages on the first business day after the expiration of the parties' tolling agreement. The timing of CDC's filing on a Sunday, on the date the parties' tolling agreement expired, clearly indicates that CDC anticipated Philips' filing and sought to preempt the natural

5

plaintiff's suit by rushing to file this action on a weekend. This is a textbook example of the "red flags" that warranted dismissal in *Symington*.

### 2. CDC fails to state a claim for declaratory judgment under Missouri law, as it has an adequate remedy at law by asserting its affirmative defense in the pending Southern District of New York action.

Philips' pending action is the more complete case that will result in full adjudication of the parties' dispute. CDC merely seeks a declaration that the terms and conditions of its purchase orders governs the parties' rights and obligations, which will not fully or finally resolve the dispute. Philips has filed an action for damages for breach of contract, negligence, breach of warranties, and related claims. *See* Complaint filed by Philips, Ex. 1. Philips' action will necessitate a determination of the question posed by CDC's declaratory judgment action, but is much further-reaching in obtaining a full adjudication of the dispute regarding the failure of the rupture discs. As this Court has held, when the first-to-file party seeks only a declaratory judgment, but the other party (and natural plaintiff) seeks monetary damages and other relief in another forum, the later-filed action is "more comprehensive" and the dispute can be more fully resolved in the other forum. *Midwestern Indem. Co.*, 2013 U.S. Dist. LEXIS 195078, at *6.

This "preemptive strike" declaratory judgment lawsuit is not even viable under Missouri law. This action is removed from the Circuit Court of Clay County, Missouri, and CDC's petition is for declaratory judgment under the Missouri Declaratory Judgment Act, Mo. Rev. Stat. §§ 527.010 *et seq.* However, CDC fails to state a claim under the Missouri Declaratory Judgment Act, because CDC has available to it an adequate remedy at law in the litigation pending in the Southern District of New York. *See Eveready Battery*, 464 F. Supp. 2d at 890.

6

Missouri courts have routinely held that the state declaratory judgment act "is not to be applied where an adequate remedy at law exists." *Crown Diversified Holdings, LLC v. St. Louis Cnty.*, 452 S.W.3d 226, 232–33 (Mo. App. E.D. 2014). The lack of an adequate remedy at law is an element of the claim for declaratory relief under the Missouri Declaratory Judgment Act. *Payne v. Cunningham*, 549 S.W.3d 43, 48 (Mo. App. E.D. 2018); *Kinder v. Holden*, 92 S.W.3d 793, 805 (Mo. App. W.D. 2002).

A pending suit is an alternative adequate remedy. *Am. Family Mut. Ins. Co. v. Nigl*, 123 S.W.3d 297, 302 (Mo. App. E.D. 2003). Where a party has available, as a remedy, the assertion of an affirmative defense in another pending lawsuit, it fails to state a claim for declaratory relief under the Missouri Declaratory Judgment Act. *State ex rel. Small v. Harrah's North Kansas City Corp.*, 24 S.W.3d 60, 64 (Mo. App. W.D. 2000). CDC's declaratory judgment action is merely an assertion of its affirmative defense that Philips' claim should be time-barred based on the terms of CDC's forms, and is properly asserted as an affirmative defense in Philips' pending action in the Southern District of New York. This action fails to state a claim under Missouri law, and is a transparent attempt to preempt Philips' suit in the Southern District of New York.

CDC cannot make an end-run around Philips' functionally concurrently-filed action by filing a declaratory judgment action in Missouri state court on a weekend one day before Philips' litigation was commenced. Filed just one day apart, neither this case nor the case now pending in the Southern District of New York has any advantage in being further advanced, which weighs against any application of the first-to-file rule. *See Midwestern Indem. Co.*, 2013 U.S. Dist. LEXIS 195078, at *6. Finally, where, as here, the declaratory judgment plaintiff filed only when it anticipated filing of an action for

7

damages by the natural plaintiff, the first-filed action is properly dismissed. *Id.* at *7. Accordingly, this declaratory judgment action is properly dismissed.

### III. ALTERNATIVELY, THIS MATTER SHOULD BE TRANSFERRED TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

#### A. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The statute 'was drafted in accordance with the doctrine of *forum non conveniens*, permitting transfer to a more convenient forum, even though the venue is proper.'" *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 634 n.30 (1964)). "Congress, in passing § 1404(a), was primarily concerned with the problems arising where, despite the propriety of the plaintiff's venue selection, the chosen forum was an inconvenient one." *Id.* (citations omitted). Section 1404(a) was designed as a "federal housekeeping measure; allowing easy change of venue within a unified federal system." *Midwest Mechanical Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526, 531 (W.D. Mo. 1987).

#### B. THIS ACTION COULD HAVE BEEN BROUGHT IN THE SOUTHERN DISTRICT OF NEW YORK

"The threshold question in deciding a motion to transfer venue is whether the proposed forum is one in which the action might have been brought." *Mitchell v. Mims*, No. 4:18-cv-00515-DGK, 2018 U.S. Dist. LEXIS 210991, at *3 (W.D. Mo. Dec. 14, 2018) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)). For the reasons set forth in Philips' Notice of Removal, there is complete diversity of citizenship between the plaintiff and defendant, and the amount in controversy exceeds $75,000, exclusive of interest and

costs. Accordingly, the Southern District of New York would have subject matter jurisdiction over the action.

Venue is proper in a federal judicial district in which one of the defendants resides, or in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Philips is a citizen of the State of New York, with its principal place of business in Latham, New York. Because the defendant resides in Latham, New York, the venue requirements of 28 U.S.C. § 1391(b) would be satisfied in the Southern District of New York. Furthermore, a substantial part of the events giving rise to the claim occurred in the Southern District of New York, where Philips ordered the rupture discs, issued its own purchase orders, received CDC's proposed purchase orders, and received shipments of the discs, providing an additional basis as to which venue is proper in the Southern District of New York.

Finally, the Southern District of New York would have general personal jurisdiction over defendant Philips because it is domiciled in the forum, as it has its principal place of business in New York. *Daimler AG v. Bauman*, 571 U.S. 117, 137 & 139 n.19 (2014). Thus, this action could have been originally filed in the Southern District of New York.

### C. AS THE "NATURAL PLAINTIFF," PHILIPS' CHOICE OF FORUM WEIGHS HEAVILY IN FAVOR OF TRANSFER

"In general, federal courts give considerable deference to a plaintiff's choice of forum." *In re Apple*, 602 F.3d at 913. "*Forum non conveniens* case law states that the **natural plaintiff's** choice of forum is controlling unless 'exceptional circumstances' exist." *Symington*, 50 F.3d at 557 (bold emphasis added). This Court should give "considerable deference" to the choice of forum by the natural plaintiff in this dispute, Philips. *See In re Apple*, 602 F.3d at 913. Philips' choice of forum is the Southern District of New York.

9

### D. TRANSFER WOULD SERVE THE CONVENIENCE OF THE PARTIES AND THE COURT

There is no definitive list of factors for the Court to consider in ruling on a motion to transfer venue. *See In re Apple*, 602 F.3d at 912. However, "district courts should weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *Id.*

> [I]n determining whether to transfer the action, a court must consider the three general categories of factors stated in § 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) whether the transfer would be in the interests of justice. . . .
>
> With respect to the "convenience" categories, the Eighth Circuit has stated it is appropriate for a court to consider:
>
>> (1) convenience of the parties, (2) convenience of the witnesses, including the willingness of witnesses to appear, ability to subpoena witnesses, and adequacy of deposition testimony, (3) accessibility to records and documents, (4) location where the conduct complained of occurred, and (5) application of each forum state's substantive law.
>
> . . .
>
> As for the "interests of justice" category, a court may consider:
>
>> (1) judicial economy, (2) plaintiff's choice of forum, (3) comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and

> (7) advantages of having a local court determine questions of local law.

*Carney v. Guerbet, LLC*, No. 4:18-CV-1494 CAS, 2018 U.S. Dist. LEXIS 209415, at *16-17 (E.D. Mo. Dec. 12, 2018).

### 1. Transfer would be in the interest of justice.

As set forth above, this declaratory judgment action was filed on a Sunday, on the date that the parties' tolling agreement expired, in a race to the courthouse expressly to deprive Philips, the natural plaintiff, of its chosen forum to pursue its claim for damages. These facts are "red flags" that the declaratory judgment action is being misused by CDC for an improper purpose. *Symington*, 50 F.3d at 559. Because this is merely a preemptive strike aimed at depriving Philips, the natural plaintiff, of its chosen forum, justice requires transfer to the Southern District of New York, where Philips' action for damages is pending.

Furthermore, CDC seeks a declaratory judgment that its terms and conditions control and, thus, CDC argues that any claims by Philips are barred by the one-year statute of limitations in CDC's terms. This is, then, a declaratory judgment action merely raising an affirmative defense to Philips' substantive claims. This is a factor that weighs against this Court's retention of this matter. *See Symington*, 50 F.3d at 559.

Philips disputes that CDC's terms and conditions control, and therefore, among other things, (a) a three-year statute of limitations applies to the claims and (b) CDC is responsible for any costs associated with the recall. "[T]he plaintiff is normally 'master to decide what law he will rely upon.'" *Symington*, 50 F.3d at 557. Where the statute of limitations is a critical question, the plaintiff's "choice of law prerogatives are bound up with her choice of forum rights." *Id.* The Eighth Circuit, in *Symington*, found that, where

11

a declaratory judgment action was "chiefly calculated to take advantage of favorable statute of limitations," justice required the court to decline to exercise jurisdiction over the action. 50 F.3d at 559.

### 2. Convenience considerations warrant transfer.

The location of the evidence and witnesses are factors to be considered on a motion to transfer venue. *See In re Apple*, 602 F.3d at 915. It is undisputed that there are witnesses and relevant discoverable materials in both New York and Missouri. The agreement between the parties was negotiated in both New York and Missouri. The rupture discs were manufactured by CDC in Missouri. However, their design requirements were developed by Philips in New York, the discs were incorporated into MRI machines manufactured in New York, and Philips' investigation into the failure of the rupture discs and recall thereof was initiated from and centered in New York.

Philips conducted a root cause investigation pursuant to the Philips quality management system. Several rounds of testing were performed in support of the root cause investigation. Based on the results of the testing, Philips determined that a significant portion of the CDC rupture discs were defective and would not perform their intended function. *See* Complaint by Philips, Ex. 1, ¶¶ 55-61, pp. 15-17.

Finally, Philips sustained its damages in New York. Because Philips' affirmative claims are based upon its receipt of the discs and incorporation of the same into Philips' MRI systems, and the failure, root cause investigation, recall of the discs, and Philips' damages, a substantial part of the evidence is likely to be located in New York.

### 3. New York law controls the substance of the parties' dispute.

The applicable substantive law is a factor to be considered as to both the "convenience" and "interests of justice" tests for transfer of venue. *See Carney*, 2018

12

Case 4:19-cv-00245-HFS   Document 5   Filed 03/29/19   Page 15 of 18

U.S. Dist. LEXIS 209415 at *17. "'There is an appropriateness' in holding trial in a diversity case in the venue that is 'at home with the state law that must govern the case.'" *In re Apple*, 602 F.3d at 915 (quotation omitted).

This dispute implicates a "battle of the forms," with both CDC and Philips contending that the documents they generated in connection with the purchase of the rupture discs governs this dispute. Therefore, one of the legal issues involved in this dispute is what is commonly referred to as a "battle of the forms" analysis as to which party's terms and conditions control the parties' rights and obligations.

Importantly, any **quotations** to Philips by CDC that included CDC's terms and conditions are irrelevant to the contract analysis because CDC's terms and conditions explicitly state that "[q]uotations **are not offers** subject to the purchaser's acceptance," and any orders from buyers "are subject to **acceptance** by a Company representative . . ." *See* CDC's General Terms and Conditions, Exhibit B to its Petition (Doc. 1-2), ¶¶ 3-4 (emphases added).

On or about September 15, 2015, Philips issued a purchase order to CDC offering to purchase, among other items, one thousand 3" diameter rupture discs to be manufactured with strict specifications set forth in DMR210923, assembly DMR233866. Philips' offer to purchase these goods required that (a) CDC provide a certificate of compliance for these rupture discs and (b) the transaction be "subject to the Philips General Conditions of Purchase" which "set forth the terms under which Philips' offers to purchase Goods […] from [CDC]." Moreover, the General Conditions of Purchase state that "When [CDC] accepts Philips' offer, either by acknowledgement, delivery of any

13

goods, and or commencement of performance of any Services, a binding contract shall be formed." *See* Complaint filed by Philips, Ex. 1, ¶¶ 30-31, p. 9.

Moreover, the Philips General Conditions of Purchase ¶ 2.2 further stated: "Philips is not bound by and hereby expressly rejects Supplier's general conditions of sale and any additional or different terms or provisions that may appear on any proposal, quotation, price list, acknowledgment, invoice, packing slip or the like used by Supplier. Course of performance, course of dealing, and usage of trade shall not be applied to modify these General Conditions of Purchase." *See* Complaint filed by Philips, Ex. 1, ¶ 33, p. 10.

On December 18, 2015, CDC shipped one hundred of the thousand rupture discs to Philips. CDC included in its shipment to Philips an invoice for the goods, which stated the rupture discs were rated at 9.6 PSIG. CDC also included a Certificate of Compliance that stated the rupture discs complied with the 9.6 PSIG requirement specified by Philips. The same representations, certifications, and instructions described below were included in each shipment to Philips related to the additional purchase orders. Philips relied on these certifications and representations in the manufacture of its superconducting magnets, which incorporated the discs. CDC also attached to its invoices a copy of CDC's General Terms and Conditions. *See* Complaint filed by Philips, Ex. 1, ¶ 38, p. 11.

Accordingly, by its performance, CDC accepted the terms of Philips' purchase order. The parties' respective terms thus confirm what the Uniform Commercial Code ("UCC") provides for: Philips made an offer—which included its terms and conditions and expressly rejected CDC's terms and conditions—by submitting a purchase order that CDC accepted. *See* § 2-207 of the UCC, codified in Missouri as Mo. Rev. Stat. § 400.2-207. Neither the fact that CDC may have provided Philips with quotations prior to

submission of said purchase order, nor the fact that CDC's invoices contain additional/different terms, operate to defeat CDC's acceptance of Philips' offer, with its associated terms and conditions.

## CONCLUSION

WHEREFORE, Defendant Philips Medical Systems MR, Inc. moves the Court for its Order dismissing this action or, alternatively, transferring venue to the United States District Court for the Southern District of New York, and for any and all such further relief as the Court deems just and proper.

BAKER STERCHI COWDEN & RICE, LLC

 /s/ Angela M. Higgins
Angela M. Higgins        52159MO
Baker Sterchi Cowden & Rice LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (fax)
higgins@bscr-law.com
**ATTORNEYS FOR DEFENDANT PHILIPS MEDICAL SYSTEMS MR, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2019, a copy of the foregoing was served by U.S. Mail, postage prepaid, to the following counsel of record:

Darren K. Sharp
ARMSTRONG TEASDALE LLP
2345 Grand Blvd., Suite 1500
Kansas City, Missouri 64108

and

Toby K. Henderson
Joshua R. Schierloh
SEBALY SHILLITO + DYER
A Legal Professional Association
1900 Kettering Tower
40 North Main Street
Dayton, OH 45423-1013

**ATTORNEYS FOR PLAINTIFF
CONTINENTAL DISC CORPORATION**

 /s/  Angela M. Higgins